UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

LISA M. KEENER,

    Plaintiff,

v.

    CASE NO. CV 99-B-1073-S

J. C. PENNEY CO., INC., and
WOLPOFF & ABRAMSON, L.L.P.,

    Defendants.

## MEMORANDUM OPINION

    Currently before the court is defendant J.C. Penney's Motion to Dismiss. Plaintiff Lisa Keener ("Keener") brought this suit alleging that defendant J.C. Penney Co., Inc. violated the Racketeer Influence and Corrupt Organizations Act ("RICO"), that defendant Wolpoff & Abramson, L.L.P. violated the Fair Debt Collection Practices Act ("FDCPA"), and that both defendants were negligent and negligently supervised and trained their employees. Keener seeks equitable relief as well as monetary damages. She brings this case on behalf of a class of persons allegedly harmed by defendants' actions. J.C. Penney argues that plaintiff's claims are preempted by the bankruptcy laws and that plaintiff fails to meet the requirements for class treatment under Federal Rule of Procedure 23. Upon consideration of the record, the submissions of the parties, and the relevant law, the court is of the opinion that J.C. Penney's Motion is due to be denied.

## I. FACTUAL SUMMARY

In April 1997, Keener filed a petition for bankruptcy under Chapter 7 of the Bankruptcy Code. (Complaint ¶ 6). According to Keener, subsequent to a meeting of creditors held on May 7, 1998, J.C. Penney was notified of Keener's bankruptcy. (*Id.* ¶ 7). Keener's debt was discharged by the Bankruptcy Court for the Northern District of Alabama on October 9, 1998. (*Id.* ¶ 8). J.C. Penney sent Keener's account for debt allegedly discharged in bankruptcy to Wolpoff & Abramson for collection. (*Id.* ¶9). Keener received dunning letters from Wolpoff & Abramson dated October 28, 1998, December 1, 1998, and December 2, 1998, and answered telephone calls from Wolpoff & Abramson attempting to collect the debt. (*Id.* ¶ 8).

## II. DISCUSSION

Under FED. R. CIV. P. 12 (b)(6), a party may petition the court to dismiss a case if a complaint fails to state a claim that would entitle the claimant to relief. "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Courts of appeal will not uphold a district court's decision to dismiss a claim pursuant to Rule 12(b)(6) unless it can be determined from the face of the complaint that the plaintiff would not be able to prove facts which would entitle him/her to recover. *Ware v. Associated Milk Producers, Inc.*, 614 F.2d 413, 415 (5th Cir. 1980).

When evaluating the sufficiency of the pleading that is the subject of a 12(b)(6) motion, district courts and courts of appeal must view the complaint in the light most favorable to the plaintiff and assume, for purposes of the motion, that the facts as alleged by the plaintiff in the complaint are true. *Mann v. Adams Realty Co., Inc.*, 556 F.2d 288, 293 (5th Cir. 1977). A

plaintiff will survive a 12(b)(6) motion if the complaint provides the defendant with fair notice of the plaintiff's claim and the grounds on which the plaintiff's claims are based. *Conley*, 355 U.S. at 47.

### A. Preemption

Under Section 524(a)(2) of the bankruptcy code, a bankruptcy discharge has "the force of an injunction against a suit by any holders of listed debt . . . to collect those debts" from a discharged debtor. While Section 524 does not specifically authorize monetary relief, courts may award actual damages for a violation of Section 524 based on the inherent contempt power of the court. *In re Hardy*, 97 F.3d 1384, 1389 (11th Cir. 1996). In addition, Section 105 of the bankruptcy code grants statutory contempt powers in the bankruptcy context in order "to carry out the provisions of this title." *Id*.

The plaintiff did not bring this action pursuant to Section 524 or Section 105 of the bankruptcy code. Rather, she alleged violations of RICO, FDCPA, negligence, and negligent supervision and hiring. Defendant J.C. Penney argues that because "all of plaintiff's allegations arise out of attempts to collect a debt which has been discharged pursuant to 11 U.S.C. § 524," plaintiff's claims are preempted by bankruptcy law. The court disagrees.

Plaintiff claims that her RICO and negligence/negligent supervision claims are separate and distinct from any claims which could be pursued in bankruptcy court and that the bankruptcy court would not have jurisdiction to hear these claims. The "'test for determining whether a civil proceeding is related to bankruptcy is whether the outcome of the proceeding could conceivably have an effect on the estate being administered in bankruptcy.'" *Matter of Lemco Gypsum, Inc.*, 910 F.2d 784, 788 (11th Cir. 1990)(quoting *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3rd Cir.

3

1984). "'An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts on the handling and administration of the bankruptcy estate).'" *Id.*

In a similar case filed in the United States District Court in Rhode Island, plaintiffs brought suit on behalf of a class alleging that defendants used fraudulent and deceptive means to induce consumers who have been discharged in bankruptcy to pay their debts in violation of the FDCPA and Section 524 of the bankruptcy code. *McGlynn v. The Credit Store, Inc.*, 234 B.R. 576 (D. R.I. 1999). The court ordered that plaintiffs' Section 524 claims were to be transferred to the bankruptcy court. *Id.* at 583-84. However, the court stated that the bankruptcy court lacked jurisdiction over the FDCPA claim and that it would remain in the District Court. *Id.* at 584. The court reasoned that "[p]laintiffs' FDCPA claim does not 'arise under' the bankruptcy laws because it is a cause of action "neither created nor determined by Bankruptcy Code provisions. . . . [nor] is it a cause of action that 'arises in' plaintiffs' bankruptcy cases because 'it is not based upon rights that cannot be pursued outside the bankruptcy context." *Id.* (citation omitted). Furthermore, the court noted that the cause of action is not 'related to' plaintiffs' bankruptcy cases because the outcome of plaintiff's FDCPA claim would not have any effect on the estate being administered in bankruptcy. *Id.* Most notably, the court did not find that the FDCPA claim was preempted by the bankruptcy laws and allowed the FDCPA claim to proceed as a separate action from claims arising under the bankruptcy laws.

In this case, plaintiff brought RICO and negligence/negligent supervision claims against J.C. Penney for its attempts to collect on a debt after it had been discharged in bankruptcy. Just as in *McGlynn*, the plaintiff has alleged claims stemming from the attempted collection of a debt

4

which was discharged in bankruptcy. The RICO and negligence claims do not "arise under" the bankruptcy code provisions. Moreover, the claims are not "related to" plaintiff's bankruptcy case because the outcome of the suit cannot have any effect on the bankrupt estate. Therefore, as in *McGlynn*, the claims are not due to be transferred to bankruptcy court nor are they preempted by bankruptcy law. Thus, these claims are properly before this court.

Other bankruptcy opinions are consistent with the finding that plaintiff's RICO and negligence/negligent supervision claims are not preempted by the bankruptcy law. In one case filed in bankruptcy court for a violation of the discharge injunction, the plaintiff brought claims under the bankruptcy code as well as FDCPA and state tort claims. *In re Goldstein*, 201 B.R. 1 (Bankr. D. Ma. 1996). The court did not find that the FDCPA claims were preempted. Rather, the bankruptcy court held that it lacked jurisdiction over plaintiff's FDCPA and tort claims because the claims did not arise under Title 11 and were not "related to" the bankruptcy proceeding. *Id.* at 5. Thus, the bankruptcy court left the plaintiffs free to file these claims in state or federal district court.

Defendant heavily relies on *Pereira v. First North American National Bank*, 223 B.R. 28 (N.D. Ga. 1998). In *Pereira*, the defendant entered into a reaffirmation agreement with the plaintiff after the plaintiff's debt was discharged in bankruptcy. The plaintiff filed a class action lawsuit requesting an accounting and alleging unjust enrichment, failure to properly file reaffirmation agreements with the bankruptcy court as is required by Section 524(c) and violations of the automatic stay provision of Section 524(a)(2). The court dismissed the Section 524 claims stating that they should have been brought as actions for contempt in the bankruptcy court. *Id.* at 30-31. The court further dismissed the actions for unjust enrichment and an

accounting, holding that they were preempted because "Congress clearly intended violations of the Bankruptcy Code provisions relating to the automatic stay and post-discharge injunction to be addressed in the bankruptcy court rather than in state law actions for an accounting and unjust enrichment." *Id.* at 31-32.

The claims in *Periera* are based on a failure to properly file reaffirmation agreements as required by Section 524(c). In addition, the *Periera* court held only that claims for unjust enrichment and accounting were preempted. In contrast, the claims in the present action, like the claims in *McGlynn*, are not based on a failure to properly file reaffirmation agreements. Rather, the claims are based on causes of action not related to the bankruptcy laws.

Because the court concludes that plaintiff's state law and RICO claims are not preempted by the bankruptcy code, defendant J.C. Penney's Motion to Dismiss these claims is due to be denied.

**B. Class Allegations**

Defendant argues that plaintiff's class allegations are due to be dismissed as a matter of law because the claims fail to meet the requirements for class treatment under Federal Rule of Procedure 23. More specifically, defendant asserts that questions of individual damages would predominate and that there is no evidence necessary to support a class action under Rule 23. Plaintiff alleged in her Complaint that the class is sufficiently numerous and that common questions of law and fact predominate. (Complaint ¶¶ 16-17). Because this case is at the pleading stage and no evidence has yet been presented to the court, the court will not dismiss the plaintiff's class allegations.

## III. CONCLUSION

Based upon the foregoing, the court is of the opinion that J.C. Penney's Motion to Dismiss is due to be denied. An Order in accordance with this Memorandum Opinion will be entered contemporaneously herewith.

**DONE** this 30th day of March, 2000.

*Sharon Lovelace Blackburn*
**SHARON LOVELACE BLACKBURN**
United States District Judge